**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **KIM L. HEITERT,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 4:07-CV-1511-JCH** |
| **MENTOR CORPORATION,** | **Judge Jean C. Hamilton** |
| **Defendant.** | |

**DEFENDANT MENTOR CORPORATION'S OPPOSITION**
**TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

**INTRODUCTION**

Defendant Mentor Corporation ("Mentor") hereby opposes Plaintiff Kim Heitert's ("Plaintiff") Motion for Voluntary Dismissal.  Plaintiff has failed to diligently prosecute her claim and, as a result, has caused Mentor to unnecessarily incur substantial costs and attorneys' fees.  Moreover, Plaintiff seeks a dismissal simply to avoid the removal jurisdiction of this federal court.  Plaintiff's Motion for Voluntary Dismissal should be denied.

If, however, this Court allows Plaintiff to voluntarily dismiss her claims against Mentor, the Court should require, as a term and condition of the dismissal, that Plaintiff pay Mentor's costs and attorneys' fees incurred thus far if Plaintiff re-files her claims against Mentor.

**FACTS**

Plaintiff filed her Petition on November 7, 2006 in state court.  In her Petition, Plaintiff alleged that Dr. Fah Che Leong, SLU Care and St. Louis University Hospital Vista Street were negligent in performing surgery on Plaintiff.  Petition, Count I, ¶¶ 1-6.  Plaintiff also alleged that

Mentor was negligent and that the medical device surgically implanted in Plaintiff was defective. Petition, Count II, ¶¶ 1-6.

On February 18, 2007, Defendants Dr. Fah Che Leong and SLU Care moved to dismiss Plaintiff's claims on the grounds that Plaintiff filed her Petition without a health care affidavit and had not provided an affidavit within 90 days of filing her Petition, as required by Section 538.225 RSMo. (2005). That Motion was set to be heard on March 12, 2007. Although Plaintiff filed a health care affidavit on Friday, March 8, 2007, that affidavit failed to comply with the requirements of Section 538.225 RSMo. (2005). The state court denied the motion to dismiss and granted Plaintiff an additional 90 days, until June 10, 2007, to provide the required affidavit.

Plaintiff finally requested a summons be issued to Mentor on May 11, 2007, and Mentor received the summons and Petition shortly thereafter.

On June 15, 2007, Defendants Dr. Fah Che Leong and SLU Care again moved to dismiss Plaintiff's claims on the grounds that Plaintiff had failed to provide the requisite health care affidavit despite the additional extension of time. Instead of opposing the Motion to Dismiss, Plaintiff voluntarily dismissed her claims against Dr. Leong, SLU Care and St. Louis University Hospital. *See* Notice of Dismissal, Aug. 24, 2007 [Docket # 1, Exhibit A]. With Plaintiff's voluntary dismissal of Dr. Leong, SLU Care and St. Louis University Hospital, complete diversity existed between Plaintiff and Mentor. Mentor exercised its right to remove the state court action to this Court. *See* Notice of Removal, Aug. 27, 2007 [Docket # 1].

In addition, Plaintiff served discovery requests on Mentor, which Mentor has answered. Mentor served discovery on Plaintiff in June, but has not received Plaintiff's responses despite repeated inquiries.

Plaintiff now requests a voluntary dismissal without prejudice so she can re-file in state court against all defendants.

## ARGUMENT

Plaintiff's Motion for Voluntary Dismissal should be denied.  Plaintiff's negligence and product liability claims against Mentor are separate and distinct from her medical malpractice claims against Dr. Leong, SLU Care and St. Louis University Hospital.  There is no good reason Plaintiff cannot proceed against Mentor in this forum.

If, however, this Court allows Plaintiff to voluntarily dismiss her claims, it should require, as a term and condition of the dismissal, that Plaintiff pay Mentor's reasonable costs and attorneys' fees incurred to date if she re-files against Mentor.  Fed. R. Civ. P. 41(a)(2).

## I.     THIS COURT SHOULD DENY PLAINTIFF'S MOTION FOR VOLUNTARILY DISMISSAL.

This Court should deny Plaintiff's Motion for Voluntary Dismissal.  Federal Rule of Civil Procedure 41(a)(2) provides that, after a defendant has answered, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  When evaluating a Rule 41(a)(2) request to dismiss without prejudice, the Court must consider: (1) the defendant's effort and expense in defending the case; (2) any delay and lack of diligence on the part of the plaintiff in prosecuting her claims; (3) the insufficiency of the explanation for the need to dismiss; and (4) whether the defendant has sought summary judgment.  *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998) (affirming district court's denial of plaintiff's motion for voluntary dismissal); *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (same).

Mentor has diligently defended itself against Plaintiff's claims and has incurred expenses in doing so.  In addition to answering plaintiff's petition, Mentor has responded to Plaintiff's discovery requests, propounded its own discovery (unanswered by Plaintiff after more than four months) and exercised its right to remove the state court action to this Court.  Mentor also bore the burden of drafting the Rule 16 planning report when Plaintiff refused to participate.  To date,

Mentor has incurred more than $7,500 in costs and attorneys' fees defending itself in this action. Mentor's efforts and incurred expenses are for naught if Plaintiff is allowed to voluntarily dismiss her claims against Mentor without prejudice – only to re-file those claims in state court and start over.

Plaintiff has, thus far, demonstrated a complete lack of diligence in prosecuting her claims. She filed this lawsuit almost a year ago. She served Mentor more than five months ago. There is no indication that, even now a year later, Plaintiff has obtained the appropriate health care affidavit that would allow her to proceed against her health care providers in state court. She now asks this Court to allow her to dismiss her claims so that she may start over from scratch.

Plaintiff's explanation for her need for a voluntary dismissal is insufficient. Plaintiff has made no attempt to hide her desire to avoid the jurisdiction of this Court and to re-file this lawsuit (including the medical malpractice claims) in Missouri state court: "Plaintiffs request this Court to voluntarily dismiss its action that it may refile the entire action against all Defendants in the Circuit Court of the City of St. Louis, State of Missouri." Courts have held that a plaintiff's forum-shopping is not a sufficient justification to allow voluntary dismissal under Rule 42(a). *See, e.g., Myers v. Hertz Penske Truck Leasing, Inc.*, 572 F. Supp. 500, 501-03 (N.D. Ga. 1983) (denying motion to dismiss to protect the removal jurisdiction of the federal courts); *Virgil v. Montgomery*, 353 F. Supp. 2d 620, 623 (E.D.N.C. 2005) ("Fairness to all in the litigation process warrants the suppression of undisciplined forum shopping," denying motion for voluntary dismissal); *Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, (E.D. Pa. 2005) ("As in *Myers*, we find that plaintiffs here are attempting to defeat removal to this court," denying motion for voluntary dismissal).

Three of the four factors enumerated in *Witzman* weigh against Plaintiff's request.  This Court should deny Plaintiff's Motion for Voluntary Dismissal.

## II.      IN THE ALTERNATIVE, IF THIS COURT GRANT'S PLAINTIFF'S MOTION, THE COURT SHOULD IMPOSE TERMS AND CONDITIONS THAT PLAINTIFF PAY MENTOR'S FEES AND COSTS IF SHE RE-FILES.

If this Court allows Plaintiff to voluntarily dismiss her claims against Mentor, it should require her to pay Mentor's fees and costs incurred defending this litigation before she may re-file her claims.  "In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit."  *Belle-Midwest, Inc. v. Missouri Property & Casualty Ins. Guarantee Assoc.*, 56 F.3d 977, 978-79 (8th Cir. 1995) (affirming the trial court's decision to dismiss plaintiff's claims without prejudice on the condition that she pay $12,027.69 for defendant's attorney's fees and costs before she could re-file her claims).  *See also Van Simmons v. Union Pacific R.R. Co.*, No. 4:06-cv-1228, 2006 U.S. Dist. LEXIS 71303, at *3-4 (E.D. Mo. Oct. 2, 2006) (granting plaintiff's motion to dismiss on the condition that he pay defendant's reasonable costs and attorneys' fees if he re-filed his case in Missouri state court); *Am. Equity Mortgage, Inc. v. Vinson Mortgage Servs., Inc.*, No. 4:05CV01529 RWS, 2007 U.S. Dist. LEXIS 46992, *4-*6 (E.D. Mo. June 28, 2007) (granting motion to voluntarily dismiss only if plaintiff accepted terms and conditions of paying defendant's fees and costs if it re-filed).  Established Eighth Circuit law holds that "under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees of the case is refiled." *Belle-Midwest*, 56 F.3d at 979 (citing *Kern v. TXO Production Corp.*, 738 F.2d 968, 972 (8th Cir. 1984) (holding that "[s]uch was the case here")).

As explained above, Mentor has incurred substantial costs and attorneys' fees defending against Plaintiff's claims.[1]  Mentor's efforts and expenses will be wasted if Plaintiff is permitted to voluntarily dismiss her complaint without prejudice and re-file in state court.  In line with well-settled authority and the typical practice of federal district courts in this circuit, Plaintiff's voluntary dismissal – if allowed – should be conditioned on the payment of Mentor's fees and costs upon re-filing.  As this Court pointed out in *American Equity Mortgage*, Plaintiff "of course, is free to reject the terms of my conditional grant of its motion for voluntary dismissal." *Am. Equity Mortgage, Inc.,* 2007 U.S. Dist. LEXIS 46992, *6.   "Under . . . rule 41(a)(2), a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits."  *GAF Corp. v. Transam. Ins. Co.*, 665 F.2d 364, 376-68 (D.C. Cir. 1981).

## CONCLUSION

WHEREFORE, Mentor requests that this Court deny Plaintiff's Motion for Voluntary Dismissal.  In the alternative, Mentor requests that this Court require Plaintiff to pay Mentor's fees and costs in defending itself against Plaintiff's claims if Plaintiff re-files, as a condition to granting Plaintiff's motion.

---

[1] If the Court grants Mentor's request to impose terms and conditions upon Plaintiff's voluntary dismissal, Mentor will submit an affidavit supporting its fees and expenses incurred in this matter to date.

CLI-1553361v2

Dated:  October 30, 2007                           Respectfully submitted,


/s/ Dustin B. Rawlin
Michael R. Annis, Esq.
Fredrick Ludwig, Esq.
BLACKWELL SANDERS PEPER
MARTIN LLP
720 Olive Street, Suite 2400
St. Louis, Missouri 63101
Telephone: (314) 345-6432
Facsimile: (314) 345-6060

OF COUNSEL:
John Q. Lewis, Esq.
Dustin B. Rawlin, Esq., *Pro Hac Vice*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Attorneys for Defendant
MENTOR CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been forwarded via U.S. Mail to the

following, this 30st day of October, 2007:

Joseph K. Robbins, Esq.
THE ROBBINS LAW FIRM
2030 Delmar Road, Suite 100
St. Louis, MO 63103

**Attorneys for Plaintiff Kim Heitert**

/s/ Dustin B. Rawlin
Attorney for Mentor Corporation