UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM HEITERT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:07-CV-1511 (JCH) |
| | ) |
| MENTOR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

The matter is before the Court on Plaintiff's Motion for Voluntary Dismissal (Doc. No. 8), filed October 25, 2007. Defendant has filed a response opposing this dismissal.

On November 7, 2006, Plaintiff filed this tort action in the Circuit Court of City of St. Louis, Missouri. (Notice of Removal, Doc. No. 1 at Ex. B). Plaintiff alleges that Dr. Fah Che Leong ("Dr. Leong"), St. Louis University[1] ("SLU"), and St. Louis University Hospital ("SLUH") (collectively "State Court Defendants") were negligent in performing surgery on Kim Heitert. (Id.). Plaintiffs allege that Mentor Corporation ("Mentor") manufactured a defective medical device used in the surgery. (Id.). Mentor, a Minnesota corporation with its principle place of business in California, is the only named defendant that is not a citizen of Missouri. (Notice of Removal, Doc. No. 1 at p. 2).

On February 26, 2007, SLU filed a motion to dismiss asserting Plaintiffs failed to state a claim because they had not filed a Healthcare Affidavit, as required by Mo. Rev. Stat. § 538.225. (Id. at Ex. B-3). The state court ultimately denied this motion and granted Plaintiffs an additional ninety days

---

[1] Plaintiff incorrectly refers to this defendant as SLUCare. (Notice of Removal, Doc. No. 1 at Ex. B-3).

- 1 -

to file the required affidavit. (Id. at Ex. B-3). After Plaintiffs failed to comply with this order, Dr. Leong and SLU filed a motion to dismiss again asserting that dismissal was proper because no Healthcare Affidavit was filed. (Id. at Ex. B-9). On August 24, 2007, Plaintiffs voluntarily dismissed without prejudice their claims against State Court Defendants. (Id. at Ex. A). Some discovery occurred while this case was in state court. (Resp., Doc. No. 9 at p. 2).

On August 27, 2007, Mentor removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal, Doc. No. 1). On October 25, 2007, Plaintiffs filed their voluntary dismissal motion. (Doc. No. 8). Plaintiffs state that the Court should allow the voluntary dismissal because they want to refile the action in state court against State Court Defendants and Mentor. (Doc. No. 8). Plaintiff claims that the allegations against the State Court Defendants "are an inherent part of this claim." (Id.). Plaintiffs also claim that the dismissal will not cause Mentor to suffer any hardships. Mentor responds that a voluntary dismissal is inappropriate because it has incurred expenses and engaged in discovery. (Resp. at p. 3) Additionally, it asserts that allowing Plaintiffs to dismiss would allow forum shopping. (Id. at p. 4). Alternatively, Mentor requests that the Court should condition the dismissal on Plaintiffs paying Mentor's costs and fees related to the dismissal if this cause of action is refiled.

## DISCUSSION

Rule 41 governs requests for voluntary dismissal and states, in relevant part:

(1) **By Plaintiff; by Stipulation**. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

> (2) **By Order of Court**. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2). Since Mentor has already filed an answer in this case, the decision to dismiss is "a matter for the discretion" of this Court. See Great River Coop. v. Farmland Indus., Inc., 198 F.3d 685, 689 (8th Cir. 1999). The Court considers the following four factors when determining whether to grant a voluntary dismissal:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

See Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998). The Court also looks at whether a dismissal would "result in a waste of judicial time and effort." Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999). Additionally, a party is not permitted to dismiss merely to escape an adverse decision or to seek a more favorable forum. Id. Rule 41(a)(2) also allows the Court to place conditions on the dismissal. Courts typically impose the condition that "plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Assoc., 56 F.3d 977, 978-79 (8th Cir. 1995).

Upon consideration, the Court will grant Plaintiff's voluntary dismissal. First, Defendants efforts and expenses will be addressed by the terms of the dismissal. Second, Plaintiff's delay in prosecuting this action is not so great that it warrants the denial of Plaintiff's request. Third, the Court believes that Plaintiffs never intend that this case would invoke federal jurisdiction and that they wish to pursue their Missouri law claims in Missouri state court. See Simmons v. Union Pac. R.R.

Co., No. 4:06-CV-1229 (TCM), 2006 WL 2850355, at *2 (E.D. Mo. Oct. 2, 2006) (noting that strategic choice of pursuing claims in state court was sufficient explanation). Finally, no dispositive motion is pending before this Court.

The Court, however, does acknowledge that the expense and effort expended by Mentor warrants some conditions being placed on this voluntary dismissal. As such, should Plaintiffs refile this cause of action, they shall pay Mentor the fees and costs it incurred as a result of this dismissal. Thus, the Court will order Mentor to file a detailed affidavit listing the costs and fees that it believes are the result of this dismissal.[2] After receiving this affidavit, the Court will enter an order listing the amount of fees and costs that Plaintiffs must pay Mentor if this cause of action is refiled. This order will also give Plaintiffs an opportunity to accept these conditions or withdraw their dismissal motion. See GAF Corp. v. Transamerica, Inc., 665 F.2d 364, 367-68 (D.C. Cir. 1981); Am. Equity Mortgage v. Vinson, No. 4:05-CV-1529 (RWS), 2007 WL 1862897, at * 2 (E.D. Mo. June 28, 2007).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Defendant Mentor Corporation shall submit a affidavit detailing its costs and fees no later than **Wednesday, November 21, 2007**.

Dated this 15th day of November, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2]The Court will not award any fees or costs for any work that may be reused in any subsequent litigation.